ROBERT J. CALDWELL, ESQ.
Nevada Bar No. 007637
ERIC D. WALTHER, ESQ.
Nevada Bar. No. 13611
KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Telephone:   (702) 362-7800
Facsimile:   (702) 362-9472
E-Mail:   rcaldwell@klnevada.com
          ewalther@klnevada.com

ADAM C. SHERMAN, ESQ. (admitted *Pro Hac Vice*)
NATHAN L. COLVIN, ESQ. (admitted *Pro Hac Vice*)
VORYS, SATER, SEYMOUR AND PEASE LLP
301 East Fourth Street, Suite 3500
Cincinnati, Ohio 45202
Telephone:   (513) 723-4680
Facsimile:   (513) 852-8468
E-Mail:   acsherman@vorys.com
          nlcolvin@vorys.com

Attorneys for Plaintiff ARBONNE
INTERNATIONAL, LLC

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ARBONNE INTERNATIONAL, LLC., <br><br> Plaintiff, <br><br> vs. <br><br> NAYAT SEMERCIYAN and NU-VO JEWELS INC., a/k/a NU-VO BIJOUX INC., <br><br> Defendants. | Case No. 2:16-cv-01728-JAD-VCF <br><br> **FINAL JUDGMENT AND PERMANENT INJUNCTION BY STIPULATION AND AGREEMENT OF THE PARTIES** <br><br> ECF No. 16 |

Plaintiff, Arbonne International, LLC ("Arbonne"), by and through their counsel, and Defendant, Nayat Semerciyan ("Semerciyan"), in proper person, collectively the "Parties," hereby stipulate and agree to entry of this Final Judgment and Permanent Injunction, as set forth

1

herein. Parties, after having an opportunity to consult with their own legal counsel, hereby stipulate, agree and admit, that factual, legal and other allegations contained in the Complaint filed by Arbonne in this matter are all true and correct. Parties have approved the substance and form of this Stipulated Final Judgment and Permanent Injunction and, based on the Complaint and the factual, legal and/or other findings below and for other good cause otherwise appearing, hereby jointly ask this Honorable Court to approve and enter the same,

IT IS HEREBY ORDERED THAT:

1. Pursuant to Federal Civil Rule 41(a)(1), Defendant Nu-Vo Jewels Inc. a/k/a Nu-Vo Bijoux Inc. shall be and hereby is dismissed without prejudice.

2. This Court has jurisdiction of the subject matter of this action and personal jurisdiction over Semerciyan.

3. Venue is proper in this Court.

4. Semerciyan was properly served with a copy of the Summons and Complaint on August 19, 2016.

5. The injunctive provisions of this Judgment shall apply to Semerciyan, as well as her agents, servants, employees, and those persons or entities in active concert or participation with her (collectively, the "Restrained Parties").

6. Arbonne has valid and subsisting trademarks for ARBONNE® (U.S. Trademark Registration Nos. 4,491,258, 3,218,119, 3,159,918, and 1,770,981), ARBONNE INTERNATIONAL® (U.S. Trademark Registration No. 3,159,813), ARBONNE INTELLIGENCE® (U.S. Trademark Registration Nos. 4,629,529 and 3,514,987), ARBONNE ESSENTIALS® (U.S. Trademark Registration Nos. 4,136,385, 4,143,617, 4,143,616, 4,147,378, 4,147,377, and 4,136,347), RE9® (U.S. Trademark Registration Nos. 2,982,066 and 3,679,754), and RE9 ADVANCED® (U.S. Trademark Registration Nos. 3,887,045 and 3,887,044), and its "AA Logo" (U.S. Trademark Registration Nos. 3,895,265, 1,280,041, 3,452,663) (collectively, the "Arbonne Registered Trademarks").

7. Arbonne is widely recognized as the designated source of goods bearing the Arbonne Registered Trademarks.

8. Semerciyan willfully and knowingly used the Arbonne Registered Trademarks in commerce by counterfeiting and selling products bearing the marks without the consent of Arbonne.

9. Semerciyan's use of the Arbonne Registered Trademarks in connection with the unauthorized sale and advertising of products was likely to cause confusion, cause mistake, or deceive consumers because it suggested that the products offered for sale by Semerciyan were genuine and authentic products, and originated from, or were sponsored, authorized, or otherwise connected with Arbonne.

10. Semerciyan's unauthorized use of the Arbonne Registered Trademarks has infringed and damaged the value of Arbonne's Trademarks.

11. As a proximate result of Semerciyan's actions, Arbonne has suffered and will continue to suffer damage to its business, good will, reputation, and profits for which there is no adequate remedy at law.

12. Semerciyan infringed on the Arbonne Registered Trademarks in violation of 15 U.S.C. §§ 1114 and 1125(a)(1)(A).

13. Semerciyan has committed false advertising, in violation of 15 U.S.C. § 1125(a)(1)(b).

14. Semerciyan has committed trademark dilution, in violation of 15 U.S.C. § 1125(c).

15. Arbonne also has valid and registered copyrights featuring its "AA Logo," including, but not limited to, Copyright Numbers VA0001848274, V3631D172, VA0001848271, VA0001848277, V3631D172, VA0001848268, VA0001848275, VA0001848264, VA0001848266, VA0001952727, and VA0001951229 (collectively, the "Arbonne Registered Copyrights" or "Copyrights").

16. As a proximate result of Semerciyan's actions, Arbonne has suffered and will continue to suffer damage to its business, good will, reputation, and profits for which there is no adequate remedy at law.

17. By copying the Arbonne Registered Copyrights, Semerciyan has committed copyright infringement in violation of 17 U.S.C. § 501.

18. Together, the Arbonne Registered Trademarks and Arbonne Registered Copyrights are referred to herein as the "Arbonne Intellectual Property."

19. Enforcement of copyright and trademark laws is important to prevent consumer confusion. It is in the public's interest to enjoin future misuse of the Arbonne Intellectual Property.

Accordingly, with good cause appearing and based on the parties' stipulation [ECF No. 16], IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. **All claims against defendant Nu-Vo Jewels Inc. Aga Nu-Vo Bijoux Inc., are DISMISSED with prejudice**, each side to bear its own fees and costs;

2. Semerciyan and the Restrained Parties shall be and hereby are permanently enjoined and restrained from:
   (a) advertising, selling, or facilitating the advertisement or sale of, via the Internet or otherwise, any goods or products bearing any Arbonne Intellectual Property;
   (b) using Arbonne Intellectual Property in any manner, including advertising on the Internet; and
   (c) importing, exporting, manufacturing, producing, distributing, circulating, selling, offerings to sell, advertising, promoting, or displaying any goods or products bearing any Arbonne Intellectual Property.

3. The Clerk of Court is directed to **enter this judgment** and **close this case**.

_____
Jennifer Dorsey
U.S. District Court Judge
12/27/16